UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALESHIA BERTHA RIVERA,<br><br>Plaintiff,<br><br>v.<br><br>OFFICERS AT WEST VALLEY DETENTION CENTER<br><br>Defendants. | Case No. EDCV 16-151 ODW(JC)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I. BACKGROUND AND SUMMARY

On January 26, 2016, Aleshia Bertha Rivera ("plaintiff"), who was then a prisoner at the West Valley Detention Center in San Bernardino County, is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Complaint") which appears to be brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and names as defendants only "Officers at West Valley Detention Center." Plaintiff sues all defendants in their official capacities only, and seeks only monetary relief. (Complaint at 3, 6).

On January 27, 2016, the Clerk sent a "Notice of Assignment" ("Notice") to plaintiff at the address she provided on the Complaint ("Address of Record"). The Notice expressly advised plaintiff that she was required to notify the Court within

five (5) days of any address change, and that if mail directed by the Clerk to her Address of Record was returned undelivered by the Post Office, and if the Court was not timely notified thereafter of her current address, the Court may dismiss the matter for want of prosecution.  The Notice was not returned as undeliverable by the Post Office.

On January 28, 2016, the assigned Magistrate Judge issued an Initial Order Re: Civil Rights Cases ("Initial Order") which also expressly advised plaintiff that she must immediately notify the Court if her address changed and provide the Court with her new address and its effective date, and that the failure to do so may result in the dismissal of the case for want of prosecution.

Further, as plaintiff is proceeding *in forma pauperis*, the assigned Magistrate Judge screened the Complaint to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  On February 4, 2016, the Magistrate Judge issued an order ("February Order") advising plaintiff that the Complaint was deficient for reasons described in the February Order, dismissing the Complaint, and affording plaintiff leave to file a First Amended Complaint by February 24, 2016, if she wished to proceed with this action.[1]  The February Order expressly cautioned plaintiff that the failure timely to file a First Amended Complaint might result in the dismissal of this action with or without prejudice on the grounds set forth in the February Order and/or for failure diligently to prosecute.  Court records reflect that the February

///

Order was sent to plaintiff at the Address of Record on February 5, 2016 and was

---

[1] Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to authorities, that the Complaint, among other deficiencies:  (1) violated Rule 10(a) of the Federal Rules of Civil Procedure because it did not name "all the partes" as required, and indeed named no defendants; (2) failed to state an official capacity claim against any defendant; and (3) failed to state an individual capacity claim against any defendant.

not returned as undeliverable.

As the foregoing February 24, 2016 deadline expired without any action by plaintiff, the Magistrate Judge, on March 9, 2016, issued an Order to Show Cause Re Dismissal ("OSC") directing plaintiff, by March 23, 2016, to show cause in writing why this action should not be dismissed based upon the deficiencies in the Complaint which had been identified in the February Order, and/or based upon plaintiff's failure to prosecute this action. On March 23, 2016, the copy of the OSC which the Clerk sent to plaintiff at her Address of Record was returned as undeliverable.

As discussed below, this action is dismissed due to plaintiff's unreasonable failure to prosecute and plaintiff's failure to comply with the Court's order.

**II.   PERTINENT LAW**

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court apprised of her current address at all times. Local Rule 41-6 provides in pertinent part:

> A party proceeding *pro se* shall keep the Court and opposing parties
> apprised of such party's current address and telephone number, if any,
> and e-mail address, if any. If mail directed by the Clerk to a *pro se*
> plaintiff's address of record is returned undelivered by the Postal
> Service, and if, within fifteen (15) days of the service date, such
> plaintiff fails to notify, in writing, the Court and opposing parties of
> said plaintiff's current address, the Court may dismiss the action with
> or without prejudice for want of prosecution.

In the instant case, more than fifteen (15) days have passed since the OSC was served upon plaintiff and returned undelivered by the Postal Service. As noted above, to date, plaintiff has not notified the Court of her new address.

///

It is well-established that a district court may *sua sponte* dismiss an action

where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted). Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). In addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire action. See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that

decision before dismissing the entire action."). A district judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to file an amended complaint) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

### III.   DISCUSSION AND ORDER

First, the Court has reviewed the February Order, agrees with the February Order, and finds that the Magistrate Judge properly dismissed the Complaint with leave to amend for the reasons discussed therein.

Second, plaintiff has been notified that the Complaint failed to state any viable claim for relief and was subject to dismissal, at least, based upon the deficiencies detailed in the February Order. Plaintiff has been granted an opportunity to either file a First Amended Complaint or to provide good cause why dismissal is not appropriate. Plaintiff has done neither.

Third, plaintiff has also at least twice been notified of her obligation to keep the Court informed as to her current address and the consequences of her failure to do so, and she has not notified the Court of her current address.

Finally, upon consideration of the five factors noted above, the Court finds plaintiff's unreasonable failure to prosecute her case, to keep the Court apprised of her current address and to otherwise comply with the February Order warrants dismissal. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. In short, plaintiff's failure to keep the Court apprised of her current address or to respond to the Court's directives has caused the action to come to a virtual standstill. The third factor, risk of prejudice to defendants, also weighs strongly in favor of dismissal. Where, like here, there has been such an unreasonable delay, a presumption of injury arises. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (citation omitted). When evaluating

prejudice courts also consider the reasons proffered for delay.  See Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted), cert denied, 488 U.S. 819 (1988).  Here, plaintiff has proffered no reason.  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  As for the fifth factor, since plaintiff has already been cautioned of the consequences of her failure to prosecute and her failure to comply with the Court's orders, and has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal with prejudice is feasible.  See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

    IT IS THEREFORE ORDERED that this action is dismissed based upon plaintiff's unreasonable failure to prosecute, to keep the Court apprised of her address, and otherwise to comply with the Court's February Order.

    IT IS SO ORDERED.

DATED: April 12, 2016

_____
HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE